IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE K. BAKER,             )
                             )
        Plaintiff,           )
                             )
    vs.                      )   Civil Action No. 12-212-J
                             )
COMMISSIONER OF SOCIAL SECURITY,  )
                             )
        Defendant.           )

O R D E R

AND NOW, this 31st day of March, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] In essence, Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (i) assigning great weight to Dr. Medina's opinion which relied on outdated evidence; (ii) failing to

1

incorporate all the limitations identified in Dr. Medina's opinion despite assigning it great weight; (iii) not including restrictions in his RFC assessment which properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace; and (iv) not giving appropriate weight to the treating physician opinions in the record. Plaintiff's Brief (Doc. No. 11). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination of non-disability.

First, Plaintiff's assertion that Dr. Medina relied solely on evidence from 2003 in forming his opinion can be summarily dismissed as factually incorrect because Dr. Medina's case analysis on page 513 of the record clearly references evidence from 2009. Second, even though the ALJ assigned great weight to Dr. Medina's opinion and did not explicitly incorporate all of the postural limitations he identified, it was not reversible error for him to do so. The United States Court of Appeals for the Third Circuit already has rejected the argument that remand is required per se where an ALJ assigns significant weight to an opinion but does not adopt all of the limitations identified therein. See Wilkinson v. Comm'r of Soc. Sec., --- Fed. Appx. ----, 2014 WL 840925, at *2 (3d Cir. 2014) ("[N]o rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant weight.'"); id. at *2 (noting that "the ALJ was not required to adopt all of Dr. Ali's opinion solely because she found the opinion as a whole persuasive").

Moreover, any such error in failing to explicitly adopt all of Dr. Medina's postural limitations was harmless as Plaintiff has failed to prove how she would have benefitted from the inclusion of those additional limitations in her RFC assessment. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir.2005) (concluding "that a remand is not required here because it would not affect the outcome of the case."). Dr. Medina opined that Plaintiff could never climb ladders, ropes, and scaffolds, but that she was able to *occasionally*: (i) climb ramps and stairs, (ii) balance, (iii) stoop, (iv) kneel, (v) crouch, and (vi) crawl. (R. 516). With respect to Plaintiff's physical impairments, the ALJ found that she could perform light work "except that [she] could not climb ladders, ropes, or scaffolds; and could only occasionally reach overhead." (R. 37). Although the ALJ did not expressly include the other postural limitations in his RFC finding, Plaintiff has failed to show that her RFC assessment actually conflicted with Dr. Medina's opinion. Indeed, pursuant to Social Security Ruling ("S.S.R.") 83-14 and S.S.R. 85-15, a limitation to only occasional stooping, crouching, crawling, kneeling and balancing does not impact the ability to perform the full range of light work. S.S.R. 83-14 states that "to perform substantially all of the exertional requirements of most sedentary and light jobs, *a person would not need to crouch and would need to stoop only occasionally* (from very little up to one-third of the time, depending on the particular job)." 1983 WL 31254, at *2 (1983) (emphasis added). S.S.R. 85-15 provides that:

> Where a person has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work. Certain occupations, however, may be ruled out; e.g. light occupation of construction painter, which requires climbing ladders and scaffolding . . . . *If a person can stoop occasionally* (from very little up to one-third of the time) in order to lift objects, *the sedentary and light occupational base is virtually intact*. . . . However, *crawling* on hands and knees and feet *is a relatively rare activity* even in arduous work, and *limitations on the ability to*

2

> *crawl would be of little significance in the broad world of work. This is also true of kneeling* (bending the legs at the knees to come to rest on one or both knees).

S.S.R. 85-15, 1985 WL 56857, at *6-7 (1985) (emphasis added). These rulings demonstrate that the nature of light work does not contemplate the ability to stoop, crawl, kneel, balance and crouch on a frequent basis; therefore, even though the ALJ was silent as to the other postural limitations in Dr. Medina's opinion, his RFC finding did not conflict with his opinion because restrictions to only occasional postural movements do not substantially erode the occupational base for light work. See Bandy v. Shalala, 1994 WL 33151, at *2 (8th Cir. 1994) (finding that plaintiff's limitations to "occasional" postural movements were "mild" limitations that "do not prevent him from performing the full range of light work."). While the Court recognizes that these rulings do not expressly state that light work only requires the need to *balance* occasionally, Plaintiff has not shown that the inability to frequently balance substantially erodes the base for light work. To that end, the Court notes that the ability to balance frequently requires the ability to perform that movement for "one-third to two-thirds of an 8-hour workday." (R. 514). Plaintiff has not demonstrated that the jobs identified by the VE --office helper, cleaner, laundry/mail sorter -- require the ability to balance for up to two-thirds of the day and therefore she has not shown that the outcome of the case would have been different if the ALJ had explicitly included in his RFC assessment all of the postural limitations Dr. Medina identified. Accordingly, remand is not required on this basis.

Finally, the Court finds that the ALJ properly accounted for the limitations resulting from Plaintiff's mental impairment in his RFC determination when he found that "[f]rom a mental standpoint, the claimant could handle simple and detailed instructions, and interact with supervisors and co-workers for task completion, but needed to avoid significant public contact." (R. 37). Plaintiff argues that the ALJ's RFC assessment failed to account for her "moderate limitations" in her ability to: (i) tolerate changes in the work place and (ii) maintain concentration, persistence, and pace, which were identified by non-examining state agency psychologist Dr. Waranch on May 26, 2009. Plaintiff also contends that the limitation to "simple tasks" does not address the concentration, persistence, and pace limitation and cites to Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004) in support. The Court finds that these contentions are without merit for a number of reasons.

First, Dr. Waranch's finding that she had moderate limitations in her ability to tolerate changes in the work place was not part of his actual RFC assessment because it was set forth in Section I of his assessment which is the section of Form SSA-4734-F4-SUP that serves only as "a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and *does not constitute the RFC assessment*." Programs Operation Manual System ("POMS") DI 24510.060; see also Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 636-37 (3d Cir. 2010) ("Numerous district courts in this circuit have recognized this point and held that Section I of the form may be assigned little or no weight"); id. at 637 (holding that "[b]ecause Smith cannot rely on the worksheet component of the Mental Residual Functional Capacity Assessment to contend that the hypothetical question was deficient, his argument is without merit"). Section III of the assessment is the section "that the actual mental RFC assessment is recorded, explaining the conclusions indicated in Section I, in terms of the extent to which these mental capacities or functions could or could not be performed in the work settings." Kachik v. Astrue, 2010 WL 3852367, at *6 (W.D. Pa. 2010) (quoting POMS DI

24510.060). Dr. Waranch's finding regarding the ability to tolerate changes in the work place was not part of his actual RFC finding in Section III and his Section III finding clearly states that Plaintiff "*is capable of adapting to changes in the work place*." (R. 540) (emphasis added). The Court therefore finds that substantial evidence supports the ALJ's decision to omit adaptation limitations in his RFC assessment.

Second, Plaintiff's Ramirez argument is unavailing, because as Defendant points out, the Court in Ramirez focused on the word "often" and the language of the regulations and forms have changed since then. The Ramirez Court also was particularly concerned about the plaintiff's deficiencies in pace, which is distinguishable from the present situation because Dr. Waranch specifically found that there was "no evidence of limitation" in Plaintiff's ability to perform at a consistent pace. (R. 539). Furthermore, his RFC finding stated that she would have minimal limitations for carrying out both detailed and simple instructions and that she would have *minimal limitations for maintaining attention and concentration while doing so*. (R. 540). Dr. Waranch found that Plaintiff was "capable of completing simple tasks" (Id.), and the Court thus finds that the ALJ's RFC finding properly accounts for any limitations in Plaintiff's ability to maintain concentration, persistence, and pace.

Finally, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision to give less weight to the opinions of disability rendered by Dr. Rajan, Plaintiff's treating psychiatrist, and Dr. Li, Plaintiff's treating physician for her fibromyalgia. It is well-established that [t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Social Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear ... that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity," Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011), and a treating physician opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and it is not inconsistent with the other substantial evidence in the record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed.Appx. 140, 148 (3d Cir. 2007). A treating physician opinion on the ultimate issue of disability is not entitled to any "special significance" and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith,178 Fed. Appx. at 112; see also 20 C.F.R. § 404.1527(e); SSR 96–6p. Here, the ALJ discharged his duty to address the treating physician opinions in the record and he explained why he felt that their "extreme limitations" were inconsistent and not well supported by the other substantial evidence in the record. (R. 39-40). For example, the ALJ stated that Dr. Rajan's opinion was internally inconsistent because he found that Plaintiff's mental impairment caused only moderate limitations "in her abilities to understand and remember; sustain concentration and persistence; handle social interactions; and adapt due to her depression and anxiety" but then found that Plaintiff would be incapable of even low stress jobs and would be absent more than three times a month due to her impairments. (R. 39). The ALJ was not bound by their opinions and the Court finds that substantial evidence supports the ALJ's

4

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

evaluation of the opinion evidence as well as his ultimate finding that Plaintiff was not disabled.